In re Patricia A. MEYERS, Petitioner.

No. 07–1182.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. Feb. 23, 2007.

Filed: March 13, 2007.

See also 2007 WL 669299.

---

Patricia A. Meyers, Frankford, DE, pro se.

Before: SLOVITER, CHAGARES and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Patricia Meyers, proceeding *pro se*, has filed a petition for a writ of prohibition alleging that the Court of Chancery of the State of Delaware improperly held a trial in a case she removed to the United States District Court for the District of Delaware. For the reasons that follow, we will deny Meyers' petition.

Steven Krebs filed a complaint against Meyers in the Court of Chancery seeking a determination that a lease he had entered into with Meyers was a binding contract, and that he was entitled to quiet enjoyment of the leased premises. Meyers filed an answer to the complaint, which was also signed by Dennis Smith, her "attorney-in-fact." Because Smith was not a licensed attorney, the Chancellor of the Court of Chancery notified Meyers that Smith may not represent her. Meyers then removed the complaint to District Court. The District Court granted Krebs' motion to remand the complaint to state court, and Meyers filed a notice of appeal from the remand order.

■ Meyers' petition for a writ of prohibition is for the most part unclear. She appears to allege that the Court of Chancery improperly held a trial in Krebs' action against her while her appeal of the District Court's remand order was pending in this Court. To the extent Meyers seeks an order from this Court prohibiting the Court of Chancery from taking some action, we lack jurisdiction to so order. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir.2001) (stating that the court of appeals generally cannot use its power to issue mandamus to a state judicial officer to control or interfere with state court litigation).

■ In addition, to the extent Meyers seeks review of the District Court's remand order, a writ of prohibition is not an appropriate remedy because Meyers may obtain relief through an ordinary appeal. *See In re Sch. Asbestos Litig.*, 921 F.2d 1310, 1314 (3d Cir.1990). As noted, Meyers filed a notice of appeal from the District Court's remand order. Meyers' appeal was docketed at C.A. No. 06–4873, and we shall issue a separate opinion deciding that appeal.

Accordingly, we will deny the petition for a writ of prohibition.